PEACOCK, CHAPMAN & COMPANY, plaintiffs in error, *vs.* BENAJAH PEACOCK, defendant in error.

Under the forty-ninth rule of the Superior Court, which the Judges were expressly authorized to establish by section 3712 of the Code it is necessary for the movant, in a motion for a new trial, to file a

brief of the testimony in the cause under the revision and approval of the Court, and it is error for the presiding Judge, where a brief of the testimony has neither been filed or made out, to set aside a verdict on the ground that it is without evidence to support it, and contrary to the charge of the Court.

New trial. Rule of Court. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1873.

Benajah Peacock brought complaint against Peacock, Chapman & Company, on a due bill dated April 6th, 1871, payable to plaintiff or bearer, for $730 07. The defendants pleaded payment and set-off. The jury found for the plaintiff $8 50. The Court, on its own motion, set aside the verdict, because it was without evidence, and contrary to the charge, and ordered a new trial. To which the defendants excepted.

To the bill of exceptions, the presiding Judge attached the following note:

"The Court set aside said verdict without requiring the plaintiff to comply with the usual formalities, because it was manifestly, palpably and directly against the charge of the Court and the evidence in the case. It was the result of bias or ignorance, and on these points there could be no doubt and no ground for disputation."

PEABODY & BRANNON, for plaintiffs in error.

BLANDFORD & CRAWFORD; B. B. HINTON, for defendant.

TRIPPE, Judge.

It may be true, as certified by the Judge who tried the case, that the verdict was manifestly, palpably and directly against the charge of the Court, and the evidence, etc.; but the law requires certain things to be done before a verdict can be set aside. The party in whose favor the verdict is, has a right that the testimony shall be made out by the movant under the revision and approval of the Court: Forty-ninth rule Superior Court.

The course adopted by the Court would require the success-
ful party to take this burden, in order to avail himself of the
privilege of having the judgment reviewed. This would be
reversing the order of things, and overturn not only a long
settled and unbroken practice, but the law expressly govern-
ing that practice. The Judges of the Superior Court had the
power to establish this rule : Code, section 3246. It has
been too often recognized by this Court, and too deeply en-
grafted in the practice in this State to be disregarded. It is
binding whilst it stands.

Judgment reversed.